**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A CRIMINAL COMPLAINT**

I, Madeline Hagen, a Special Agent with the Federal Bureau of Investigation ("FBI"), being duly sworn, depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent ("SA") with the FBI. I have been employed by the FBI since April of 2023. I am currently assigned to the Boston Division, Springfield Resident Agency.

2. I am a graduate of the FBI Academy in Quantico, Virginia. While employed by the FBI, I have investigated violations of federal law, including crimes related to child exploitation and child pornography. I have received specific training in the areas of child pornography and the sexual exploitation of children from the FBI, National Center for Missing and Exploited Children, and the Internet Crimes Against Children Task Force. I have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media., including computer media. Prior to joining the FBI, I was a high school educator. I hold a bachelor's degree in animal science and a master's degree in teaching.

3. I make this affidavit in support of a criminal complaint charging Warren Messeck ("MESSECK"), YOB 1950, of Agawam, Massachusetts, with one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5) and (b)(2).

4. The statements in this affidavit are based on my own personal involvement in the investigation and my personal observations; information provided by other FBI Special Agents and analysts; information obtained from other individuals; my review of records; and my training, and background as a Special Agent with the FBI. This affidavit is intended to show merely that there is probable cause to secure a criminal complaint and does not set forth all of my knowledge

1

about this matter. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

## PROBABLE CAUSE

5.	Based on information obtained from an investigation involving an internet-based peer-to-peer network, on November 22, 2021, investigators obtained a federal warrant authorizing the search of MESSECK's residence in Agawam, Massachusetts for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A. The affidavit submitted in support of that warrant is attached hereto as **Sealed Exhibit A.**

### Execution of the Search Warrant

6.	On November 23, 2021, at approximately 7:15 am, law enforcement agents, including members of the FBI and Agawam Police Department executed the search warrant at MESSECK's residence in Agawam, Massachusetts. After agents knocked and repeatedly announced their presence at the front door of the residence, INDIVIDUAL 1, who resides with MESSECK, opened the door to agents and directed them to the back of the back of the residence, explaining that her husband was still in bed.

7.	After entering the residence, agents separated MESSECK and INDIVIDUAL 1 for the duration of the search. MESSECK declined to speak to agents. However, INDIVIDUAL 1, after learning about the nature of the search warrant, participated in an interview with investigators.

8.	During this interview, INDIVIDUAL 1 explained that MESSECK used the computer in the back bedroom where he slept and a laptop in the living room. INDIVIDUAL 1 further stated that MESSECK also used the computer in the entryway because, as MESSECK explained to INDIVIDUAL 1, MESSECK's computer was not working correctly.

9. Investigators then conducted a search of the residence pursuant to the search warrant and seized the following computer hardware, computer software, computer-related documentation, and/or storage media from the residence: seven flash drives; seven hard drives; two card readers along with an SD card; 23 discs; an HP Tower, with an attached Seagate Hard Drive; a Comcast Bill; two cassette tapes; an envelope with passwords on it; three laptops; and two notebooks, a notepad and papers.

### Forensic Review of Six Devices

10. The FBI investigators conducted a forensic review of all the seized digital devices. Based on my training and experience, FBI forensic investigators anticipate that child pornography users will try to remove Child Sexual Abuse Material ("CSAM") and/or child erotica content from their devices after downloading and viewing it because they do not want it to be discovered, that is, the device's user will choose to "delete" an image in their possession on their device after viewing it. In preparing this affidavit, I have consulted extensively with FBI forensic experts about images located in a device's unallocated space or slack space, often referred to as "carved" images. Carved images, or images located in that unallocated space or slack space on a device, are images a user of that device has attempted to remove, delete, or erase from the device. However, in this context, a device user's attempt to "delete" an image is actually more similar to someone removing an index card from a library card catalog. The image, or book in this example, still exists on the device but the device user has chosen to make this image inaccessible for his or her own viewing in the future. Such images are frequently recovered through forensic means in child pornography investigations because they remain on the device in unallocated space for a period of time after the attempted deletion.

10. FBI agents discovered the following content on six devices:

a. On a black 8GB Sandisk Cruzer flash drive, which was found in the back bedroom, investigators found 4,628 image files and thumbnails that the device's user had attempted to delete that were consistent with CSAM and/or child erotica were recovered. An Initial Hash Value Comparison Report identified 2,179 images associated with known child victims and 2,443 additional recognized CSAM hash values.

b. On a black/red 8GB Sandisk Cruzer Glide flash drive which was found in the back bedroom, investigators found 31 image files and thumbnails that the device's user had attempted to delete that were consistent with CSAM and/or child erotica were located. An Initial Hash Value Comparison Report identified zero known child victims and 31 recognized CSAM hash values.

c. On a grey/black 32GB Staples-branded USB, which was found in the back bedroom, investigators found 851 image files and thumbnails the device's user had attempted to delete that were consistent with CSAM and/or child erotica were located. An Initial Hash Value Comparison Report identified 170 known child victims and an additional 596 recognized CSAM hash values.

d. On a 40GB Toshiba Hard Drive, which was found with other hard drives in the back bedroom, investigators found 8,540 image files, video files and thumbnails that the device's user had attempted to delete that were consistent with CSAM and/or child erotica were located. An Initial Hash Value

       Comparison Report identified 177 known child victims and an additional 5,878 recognized CSAM hash values.

   e. On a 250GB Seagate HDD, which was found attached to an HP tower PC in the back bedroom, investigators found 23 image files and thumbnails that the device's user had attempted to delete that were consistent with CSAM and/or child erotica. Investigators also discovered browser activity artifacts accessing the internet-based peer-to-peer network (described in Sealed Attachment A) for torrent downloads of suspected CSAM. An Initial Hash Value Comparison Report identified one known child victim and two additional recognized CSAM hash values.

   f. On an 80GB Seagate Momentus 2.5" SATA HDD, which was connected to the HP laptop found in a living room, investigators found 2,414 images and video files that the device's user had attempted to delete that were consistent with CSAM and/or child erotica. Investigators also discovered 15 internet-based peer-to-peer torrent artifacts associated with torrent downloads of known CSAM victim files. An Initial Hash Value Comparison Report identified two known child victim and 2,148 additional recognized CSAM hash values.

11. Investigators found these six electronic devices in areas of the MESSECK residence specifically attributed to MESSECK by INDIVIDUAL 1 during the execution of the search warrant.

**Review of Images**

11. The following are descriptions of a sampling of images that I have observed from these six devices:

   a. A color image titled "0000290_Carved" depicts a nude prepubescent female. The camera appears to be placed between the legs of the girl. The girl's legs are separated and her vulva and anus are visible. The vulva is in the center of the picture. The abdomen of the girl is also visible. There is a red marking on the girl's groin above the vulva. The girl's face is not visible. The National Center for Missing & Exploited Children ("NCMEC") has recognized the hash-value of the photo as an identified child victim.[1]

   b. A color image titled "0000185_Carved" depicts a nude prepubescent female who is visible from the chest to upper thigh. The girl's vulva and anus are present at the bottom of the picture. The girl's legs are separated and are raised towards the chest. The girl's breast are visible. The face of the girl is not visible. The text "2011/02/12" is written in yellow in the bottom right corner

---

[1] Based on my training and experience, I know that "recognized" hash values are ones associated with files previously submitted to the NCMEC's Child Recognition and Identification System – and similarly, "unrecognized" hash values are associated with images/videos that have not yet been submitted to that NCMEC system. Additionally, I know that a "identified child" means that exact hash values are associated with an image/video which appears to depict at least one child previously identified by law enforcement. Such hash values may be associated with apparent child pornography images/videos as well as files that do not contain apparent child pornography.

of the image. NCMEC has recognized the hash-value of the photo as an identified child victim.

c. A color image titled "0000309_Carved" depicts a nude prepubescent female who is visible from her abdomen to mid-thigh. The girl appears to be sitting on a brown fabric that has blue and white patterns. The girl has her legs spread apart and the camera appears to be placed between her legs. The girl's vulva is visible. A hand is touching the girl's vulva with the index finger. The source of the hand cannot be determined. The text "2011/01/21" is written in yellow in the bottom right corner of the image. NCMEC has recognized the hash-value of the photo as an identified child victim.

d. A color image titled "0000083_Carved" depicts a nude prepubescent female. The girl appears to be lying on her back with her legs elevated and separated. The girl's vulva and anus are visible. The girl's face is visible between her legs. The text "2011/02/03" is written in yellow in the bottom right corner of the image. NCMEC has recognized the hash-value of the photo as an identified child victim.

e. A color image titled "0000424_Carved" depicts a nude prepubescent female. The girl is standing on her right leg with her left leg bent and raised with her knee at approximately the same level as her shoulder. The girl's arms are behind her back. The girl's face, breast, and vulva are visible. The girl has

blue and white stripped underwear hanging from her mouth. NCMEC has recognized the hash-value of the photo as an identified child victim.

f. A colored image titled "0000567_Carved" depicts a prepubescent female on her forearms and knees with her buttocks positioned closer to the camera. The girl is not wearing pants. The girl's anus and vulva are exposed. The girl's face is visible. The girl is wearing black high heels and a green vest with green, blue, pink, and white stripped long sleeves. NCMEC has recognized the hash-value of the photo as an identified child victim.

## CONCLUSION

12. Based on the foregoing, I submit there is probable cause to believe that on or about November 23, 2021, MESSECK knowingly possessed child pornography that had been mailed, and using any means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5) and (b)(1).

/s/ Madeline Hagen
Special Agent Madeline Hagen
Federal Bureau of Investigation

Signed electronically with authorization from
FBI Special Agent Madeline Hagen on May 1, 2025.

Sworn before me by reliable electronic means in accordance with Fed. R. Crim. P. 4.1 this 1st day of May, 2025.

/s/ Katherine A. Robertson
HON. KATHERINE A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE

Signed electronically with authorization from
Katherine A. Robertson, U.S. Magistrate Judge on May 1, 2025.

Certified to be a true and correct copy of the original
Robert M. Farrell, Clerk
U.S. District Court
District of Massachusetts

By: Melissa M. Rivera
Deputy Clerk
Date: 5/1/2025

8